IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MALLORY MARTIN and MICHAEL JONES,
Individually and on behalf of the wrongful death
beneficiaries of M█████ L. JONES, JR., DECEASED          **PLAINTIFFS**

VS.        CIVIL ACTION NO.: 3:07cv238TSL-JCS

HEALTH MANAGEMENT ASSOCIATES, INC.,
individually and as parent corporation of
Jackson HMA, Inc. and Jackson HMA North
Medical Office Building, Inc., JACKSON HMA, INC.
d/b/a CENTRAL MISSISSIPPI MEDICAL CENTER,
JACKSON HMA NORTH MEDICAL OFFICE
BUILDING, INC. d/b/a CENTRAL MISSISSIPPI
MEDICAL CENTER, ALISON FURR, RN., CENTRAL
MISSISSIPPI HEALTH SERVICES, INC.,
EDITH SMITH-RAYFORD, M.D.,
and JOHN DOES #1-10          **DEFENDANTS**



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY - 1 2007
J. T. NOBLIN, CLERK
BY_____ DEPUTY

---

**COMPLAINT**
(Plaintiffs Demand Trial By Jury)

---

Plaintiffs Mallory Martin and Michael Jones, individually and on behalf of the wrongful death beneficiaries of M█████ Jones, Jr., deceased, file this Complaint against Health Management Associates, Inc., individually and as parent corporation of Jackson HMA, Inc. and Jackson HMA North Medical Office Building, Inc., Jackson HMA, Inc. d/b/a Central Mississippi Medical Center, Jackson HMA North Medical Office Building, Inc. d/b/a Central Mississippi Medical Center, Alison Furr, R.N., Central Mississippi Health Services, Inc., Edith Smith-Rayford, M.D. and John Does #1-10 (sometimes hereinafter collectively referred to as "Defendants"). In support thereof, Plaintiffs state as follows:

**Parties**

1. Plaintiffs Mallory Martin (sometimes hereinafter referred to as "Mallory") and Michael Jones (sometimes hereinafter referred to as "Michael") are adult resident citizens of Mississippi residing at 1240 Lawnview Place, Apt. I-2, Jackson, Mississippi 39203. Plaintiffs Mallory Martin and Michael Jones are the natural mother and father, respectively, of M[redacted] L[redacted] Jones, Jr., deceased (sometimes hereinafter referred as "Baby Michael"). As wrongful death beneficiaries of M[redacted] L[redacted] Jones, Jr., Mallory Martin and Michael Jones are authorized to commence this action pursuant to Miss. Code Ann. § 11-7-13 (1972).

2. Defendant Health Management Associates, Inc. ("HMA") is a Delaware corporation with a principal place of business at 5811 Pelican Bay Boulevard, Suite 500, Naples, Florida 34108 – 2710. Process can be served upon HMA through its registered agent CT Corporation System 1200 S. Pine Island Road Plantation, FL 33324. HMA currently operates 61 hospitals in 16 states including Central Mississippi Medical Center in Jackson, Mississippi, which it owns and operates by and through its subsidiary(ies) Jackson HMA, Inc. and/or Jackson HMA North Medical Office Building, Inc.

3. Defendant Jackson HMA, Inc. d/b/a Central Mississippi Medical Center (sometimes hereinafter referred to as "CMMC" or "Hospital") is a Mississippi corporation with a principal office address of 1850 Chadwick Drive, Jackson, Mississippi 39204-3404. This defendant can be served with process upon its registered agent CT Corporation Systems, 645 Lakeland East Drive, Suite 1, Flowood, Mississippi 39232.

4. Defendant Jackson HMA North Medical Office Building, Inc. d/b/a Central Mississippi Medical Center (sometimes hereinafter referred to as "CMMC" or "Hospital") is a Mississippi corporation with a principal place of business of 2550 Flowood Drive, Suite 402,

Flowood, Mississippi 39232 and which may be served with process upon its registered agent CT Corporation Systems, 645 Lakeland East Drive, Suite 1, Flowood, Mississippi 39232.

5. Defendant Alison Furr, R.N. (sometimes hereinafter referred to as Nurse Furr) is an adult resident citizen of the State of Mississippi and can be served with process at her place of employment, Central Mississippi Medical Center, 1850 Chadwick Drive, Jackson, Mississippi 39204.

6. Defendant Edith Smith-Rayford (sometimes hereinafter referred to as Dr. Smith-Rayford) is an adult resident citizen of the State of Mississippi and can be served with process at her place of business located at 5429 Robinson Road Ext., Jackson, Mississippi 39204.

7. Defendant Central Mississippi Health Services, Inc. is an alleged non-profit Mississippi corporation which may be served with process upon its registered agent Robert S. Smith located at 1134 Winter Street Jackson, Mississippi 39204.

8. Defendants John Does #1-10 are unknown individuals and/or entities who are liable to Plaintiffs for the injuries and damages alleged herein. The names and capacities of defendants John Does #1-10 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore name said Defendants by fictitious names. Plaintiffs will seek leave of court to amend this complaint to substitute the true names when the same are ascertained. Plaintiffs allege that upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, agency, and/or in some other manner whether alleged herein in this complaint or not; and by such wrongful conduct said Defendants proximately caused the injury, damage and death subject to this complaint.

## Jurisdiction and Venue

9. Jurisdiction and venue are proper in this Court by virtue of Edith Smith-Rayford's employment with Central Mississippi Health Services, Inc., an alleged non-profit corporation which is and/or was receiving federal grants at the time of the alleged incident.

10. On October 6, 2006, Plaintiffs submitted their completed claim to the United States Department of Health and Human Services. By April 6, 2007, the Department of Health had neither accepted nor rejected said claim, and pursuant to 28 U.S.C. §2675(a), such failure to act is deemed a denial of the claim. Accordingly, Plaintiffs have exhausted their administrative remedies and this Court has jurisdiction over the claims presented herein.

## Facts and Claims

11. On or about July 28, 2004, Mallory Martin was approximately six (6) weeks pregnant with her son, Michael Leon Jones, Jr. On or about July 28, 2004, Mallory went to the emergency room at CMMC with complaints of vaginal bleeding. After examination, treatment, and improvement of her symptoms, Mallory was discharged with a diagnosis of Trichomonas. Trichomonas is a common sexually transmitted disease which can affect pregnancy and contribute to premature birth.

12. On or about the evening of Saturday, December 25, 2004, Mallory began having lower abdominal pain and pressure. Mallory was approximately seven (7) months pregnant at the time. Michael took Mallory to Central Mississippi Medical Center where she was admitted to Labor and Delivery and assessed by Defendant Nurse Furr. At the time of her admission, Mallory advised Nurse Furr that she had been previously diagnosed with Trichomonas. This information is documented in Mallory's medical records.

13. Nurse Furr assessed Mallory and advised that Mallory was not in premature labor. After urine testing was conducted and a fetal heart monitor was placed on Mallory, Nurse Furr contacted Defendant Dr. Smith-Rayford, via telephone, to advise Dr. Smith-Rayford of Mallory's test results. Nurse Furr did not perform a cervical exam. Nurse Furr told Mallory that she was suffering from a bladder infection and/or urinary tract infection.

14. On December 25, 2004, without being assessed by Dr. Smith-Rayford or any other physician, and without any cervical exam being performed, Mallory was discharged from Central Mississippi Medical Center with a diagnosis of bladder/urinary tract infection. Mallory's discharge was by verbal telephonic orders of Dr. Smith-Rayford based upon Nurse Furr's assessment that Mallory was not in premature labor. Unfortunately for the Plaintiffs and Baby Michael, Nurse Furr's diagnosis was wrong and Mallory was actually in labor.

15. After being discharged from Central Mississippi Medical Center on Saturday, December 25, 2004, Mallory returned home. Subsequently, Mallory's abdominal pain increased severely and she became nauseated. On or around 12:17 p.m., Sunday, December 26, 2004, while Mallory was in the bathroom at her home, it was discovered that the baby was presenting for delivery feet first in a breech position. Michael immediately called an ambulance.

16. Upon arrival, the EMTs delivered Baby Michael but due to complications of Baby Michael's breech position and his lack of oxygen, Baby Michael was stillborn. The EMTs performed CPR on Baby Michael, but were unsuccessful in bringing him back to life. Mallory and her dead baby were transported to University Medical Center.

17. Defendants owed Plaintiffs and Baby Michael the duty of reasonable care, skill and diligence required of physicians and health care providers.

18. Defendants breached the duty of reasonable care, skill and diligence, and were negligent, grossly negligent and reckless in a number of ways, including but not limited to their failure to properly examine, screen, diagnose and adequately treat Mallory and Baby Michael as Mallory was experiencing preterm labor during her December 25, 2004, emergency room visit at CMMC. Defendants breached the minimum duty of reasonable care, skill and diligence and were negligent, grossly negligent and reckless in that the examinations, treatment and medical procedures, or the lack thereof, performed on Mallory led to the complications she experienced in her pregnancy and Baby Michael's rapid demise and resulting death.

19. Defendants were negligent, grossly negligent, and reckless in their performance of or failure to perform certain medical examinations on Mallory and Baby Michael. The treatment, or lack thereof, given to Mallory and Baby Michael was performed negligently by Defendants. Defendants complete failure to adequately examine, screen, diagnose and treat Mallory's preterm labor with Baby Michael are tantamount to gross negligence and/or recklessness.

20. Defendants were negligent, grossly negligent and reckless in their discharge of Mallory to her home.

21. Baby Michael's death and the damages suffered by the Plaintiffs are the direct and proximate result of the negligence, gross negligence, and recklessness on the part of Defendants in negligently examining Mallory and Baby Michael, negligently failing to diagnose Mallory and Baby Michael, negligently treating Mallory and Baby Michael, negligently performing or failing to perform necessary medical procedures upon Mallory and Baby Michael, and negligently discharging Mallory without having conducted a standard medical screening and/or examination.

22. As a direct and proximate result of Defendants' negligent, grossly negligent and reckless conduct, Baby Michael experienced physical pain and suffering, loss of enjoyment of life, mental anguish, emotional distress and ultimately death. Additionally, as a direct result of Defendants' negligent, grossly negligent and reckless conduct, Plaintiffs have suffered a loss of love, society and companionship, mental anguish, emotional distress, and economic loss.

23. At all relevant times, Health Management Services, Inc. owned, operated and controlled CMMC through one or both of its subsidiaries Jackson HMA, Inc. and/or Jackson HMA North Medical Office Building, Inc. HMA is directly liable for the negligent acts and omissions of CMMC and vicariously liable for the negligent acts and omissions of the agents and employees of CMMC.

24. At all relevant times, Defendant Jackson HMA, Inc. owned and operated and was doing business as CMMC. Jackson HMA, Inc. is an entity synonymous with CMMC. All liability imputed and/or directed to CMMC is necessarily imputed and/or directed to Jackson HMA, Inc.

25. At all relevant times, Defendant Jackson HMA North Medical Office Building, Inc. owned and operated and was doing business as CMMC. Jackson HMA North Medical Office Building, Inc. is the true name of CMMC and the two entities are synonymous. All liability imputed and/or directed to CMMC is necessarily imputed and/or directed to Jackson HMA North Medical Office Building, Inc.

26. At all relevant times, Nurse Furr was an agent and/or employee of CMMC and at all relevant times was acting within the course and scope of her agency/employment with CMMC. Defendant CMMC (and the other named entities who own, operate and control it) is vicariously liable for the negligent acts and omissions of Nurse Furr.

27. At all relevant times, Dr. Smith-Rayford was an agent and/or employee of Central Mississippi Health Services Inc. and at all relevant times was acting within the course and scope of her agency/employment with Central Mississippi Health Services Inc. Defendant Central Mississippi Health Services Inc. is vicariously liable for the negligent acts and omissions of Dr. Smith-Rayford.

28. At all relevant times, the nursing staff and other medical personnel who delivered medical services to Mallory and Baby Michael at CMMC were employees of CMMC and committed negligent acts and omissions while in the course and scope of such employment. Defendant CMMC is vicariously liable for any and all negligent acts and/or omissions of Nurse Furr, other nursing staff and/or other medical personnel who delivered negligent care to Mallory and Baby Michael.

29. In addition to the negligent acts and omissions of Defendants as set forth above, Defendant CMMC, and the entities that own, operate and control it, failed to exercise the minimum degree of care and skill required under Mississippi law regarding the proper staffing and consultation guidelines and procedures for emergency room care and for obstetrical care. Defendant CMMC is directly liable for the negligent selection, retention, supervision, and control over Defendants, Nurse Furr, Dr. Smith-Rayford, and/or other CMMC personnel. Defendants are directly liable as a result of the negligent failure to properly investigate, train, and screen the quality of services provided by the physicians and staff, and by failing to ensure that these individuals render adequate medical care to the patients as required by the standard of care required of medical professionals. Such failures proximately caused or contributed to the death of Baby Michael and the damages sustained by Baby Michael and his family.

30. At all relevant times, defendant CMMC held itself out to the general public as an entity responsible for emergency room care and obstetrical care. All negligent, grossly negligent or reckless acts and omissions at the respective emergency room and/or obstetrical department involved in this case are therefore attributable to defendant CMMC.

31. Defendants' medical care of Mallory and Baby Michael was wanton, willful and/or performed with such gross negligence and/or reckless indifference to the rights and safety of Mallory and Baby Michael that punitive damages are proper.

### Count One
### Negligence of CMMC

32. Plaintiffs reallege and incorporate herein by reference the allegations contained in the above and foregoing paragraphs.

33. Defendants owed a duty to Plaintiffs and Baby Michael to exercise that standard of medical care required of a minimally qualified emergency room physician, obstetrician and/or medical personnel practicing in a hospital with the same or substantially the same medical resources as were available at CMMC on December 25, 2004. Defendants breached this duty. Such breach proximately caused or contributed to the death of Baby Michael and the damages sustained by Baby Michael and his family.

34. Any and all allegations against CMMC are necessarily directed to its owners and operators, specifically, Health Management Associates, Inc., Jackson HMA, Inc. and/or Jackson HMA North Medical Office Building, Inc.

### Count Two
### Negligence of Alison Furr, R.N.

35. Plaintiffs reallege and incorporate herein by reference the allegations contained in the above and foregoing paragraphs.

9

36. At all times pertinent hereto, Defendant Nurse Furr held herself out to the public and Plaintiffs as a skilled and qualified nurse.

37. Defendant Nurse Furr owed a duty to Plaintiffs and Baby Michael to exercise that standard of medical care required of a minimally qualified nurse in a hospital with the same or substantially the same medical resources as were available at CMMC on December 25, 2004. Defendant Nurse Furr breached this duty. Such breach proximately caused or contributed to the death of Baby Michael and the damages sustained by Baby Michael and his family.

### Count Three
### Negligence of Dr. Smith-Rayford

38. Plaintiffs reallege and incorporate herein by reference the allegations contained in the above and foregoing paragraphs.

39. At all times pertinent hereto, Defendant Dr. Smith-Rayford held herself out to the Plaintiffs as a skilled and qualified physician. Further, Defendant Dr. Smith-Rayford held herself out to the Plaintiffs as having a high degree of knowledge and skill in the field of obstetrics and gynecology.

40. Defendant Dr. Smith-Rayford owed a duty to Plaintiffs and Baby Michael to exercise that standard of medical care required of a minimally qualified physician and/or obstetrician in a hospital with the same or substantially the same medical resources as were available at CMMC on December 25, 2004. Defendant Dr. Smith-Rayford breached this duty. Such breach proximately caused or contributed to the death of Baby Michael and the damages sustained by Baby Michael and his family.

### Count Four
### Violation of Emergency Medical Treatment and Active Labor Act ("EMTALA")

41. At all relevant times EMTALA regulations applied to CMMC, in accordance with 42 U.S.C. § 1395dd, and said guidelines afforded protection to Mallory and Baby Michael.

42. That Dr. Smith-Rayford and/or Nurse Furr violated the express provisions of EMTALA by not conducting an appropriate medical screening examination within the capability of CMMC's emergency department on a person in active labor and seeking emergency care prior to discharging her from the hospital. Said violation(s) caused or contributed to the death of Baby Michael and the damages sustained by Baby Michael and his family.

43. That due to the violations and resulting personal injuries to Plaintiffs, Defendants Dr. Smith-Rayford, Nurse Furr and CMMC are liable to Plaintiffs for damages and also subject to civil penalties pursuant to the EMTALA statute.

### Count Five
### Punitive Damages

44. Plaintiffs reallege and incorporate herein by reference the allegations contained in the above and foregoing paragraphs.

45. Defendants' medical care of Mallory and Baby Michael was wanton, willful and/or performed with such gross negligence and/or reckless indifference to the rights and safety of Mallory and Baby Michael that punitive damages are proper.

46. The arbitrary and capricious restrictions on compensatory and punitive damages as set forth in *Miss. Code Ann.* §§ 11-1-60 and 11-1-65 are void and unenforceable in that they violate the due process and equal protection clauses of the *Mississippi Constitution* and the *United States Constitution*.

WHEREFORE, PREMISES CONSIDERED, plaintiffs demand a trial by jury and request that all defendants, individually, jointly and severally, for compensatory damages and punitive

damages as shown by the evidence, and post-interest on the judgment, all costs, and such other relief of any kind to which the Plaintiffs are otherwise entitled.

This the 1st day of May, 2007.

Respectfully submitted,

LANGSTON & LANGSTON, PLLC

_____
Rebecca M. Langston

Of Counsel:

Shane F. Langston, MSB #1061
Rebecca M. Langston, MSB #99608
LANGSTON & LANGSTON, PLLC
201 North President Street
Jackson, Mississippi 39201
Telephone:    (601) 969-1356
Facsimile:    (601) 968-3866