```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


MALLORY MARTIN AND MICHAEL JONES,
INDIVIDUALLY AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
MICHAEL LEON JONES, JR., DECEASED                        PLAINTIFFS


VS. CIVIL ACTION                    CIVIL ACTION NO. 3:07CV238TSL-JCS


HEALTH MANAGEMENT ASSOCIATES, INC.
INDIVIDUALLY AND AS PARENT CORPORATION
OF JACKSON HMA, INC., AND JACKSON HMA
NORTH MEDICAL OFFICE BUILDING, INC.,
JACKSON HMA, INC. D/B/A CENTRAL MISSISSIPPI
MEDICAL CENTER, JACKSON HMA NORTH MEDICAL
OFFICE BUILDING, INC. d/b/a CENTRAL MISSISSIPPI
MEDICAL CENTER, ALISON FURR, R.N., UNITED
STATES OF AMERICA AND JOHN DOES #1-10                    DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the summary judgment motion of defendants Health Management Associates, Inc., individually and as parent corporation of Jackson HMA, Inc., Jackson HMA North Medical Office Building, Inc., Jackson HMA, Inc. d/b/a Central Mississippi Medical Center and Alison Furr, R.N.  Plaintiffs Mallory Martin and Michael Jones, individually and on behalf of the wrongful death beneficiaries of Michael Leon Jones, Jr., deceased, have responded in opposition to the motion.  Having considered the memoranda of authorities, together with attachments, submitted by the parties, the court concludes the

defendants' motion should be granted in part and denied in part as set forth herein.

In their motion, defendants seek summary judgment as to the claims against Alison Furr, R.N., and her employer, Central Mississippi Medical Center, on the basis that Furr cannot be liable to plaintiffs for any alleged omissions in her evaluation of plaintiffs inasmuch as her evaluation was conducted in accordance with Martin's physician's instructions, and on the further basis that Furr cannot be liable to plaintiffs for any alleged inadequacy in her discharge instructions as plaintiffs lack expert testimony to establish that any such inadequacy proximately caused or contributed to the death of Michael Leon Jones, Jr.  From a review of the record evidence, it is manifest that there are genuine issues of material fact which preclude the request for summary judgment regarding Furr's evaluation of Martin's condition.  Further, while evidence as to a link between Furr's allegedly inadequate discharge instructions and the stillbirth of Michael Leon Jones, Jr., is sketchy, because the court concludes that summary judgment cannot be granted in toto, the court will deny summary judgment on the claim relating to discharge instructions at this time, with the understanding that the issue will be revisited upon presentation of proof at the trial of the case.

Defendants' motion for summary judgment will be granted with respect to plaintiffs' claim that one or more of the defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, as this claim is barred by the two-year statute of limitations under the Act.  See 42 U.S.C. § 1395dd(d)(2)(C) (providing that "[n]o action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought"). Plaintiffs do not deny that the claim was not timely filed. However, they maintain that defendants waived their statute of limitations defense by failing to actively pursue the defense after raising it in their answer.  Plaintiffs' position is without merit, see Huss v. Gayden, 465 F. 3d 201, 204-205 (5th Cir. 2006)(affirmative defense of statute of limitations raised in an answer, but not pursued until motion for directed verdict at trial, did not constitute a waiver or abandonment of the defense), and their claim is barred.

Defendants seek summary judgment on plaintiffs' putative claims against Health Management Associates, Inc., which is the parent corporation of one of the subsidiaries that owns CMMC. Defendants' request for summary judgment is grounded on the bedrock principle of law that "a parent corporation . . . is not liable" for the actions taken by its subsidiaries.  See Bridas S.A.P.I.C. v. Government of Turkmenistan, 447 F. 3d 411, 416 (5th

Cir. 2006) (quoting <u>United States v. Bestfoods</u>, 524 U.S. 51, 61, 118 S. Ct. 1876, 1884, 141 L. Ed. 2d 43 (1998)). Plaintiffs have not responded in opposition to this aspect of defendants' motion, which on its face has merit. Accordingly, that part of the motion for summary judgment will be granted.

In their rebuttal memorandum, defendants argue that certain opinions offered by plaintiffs' experts for the first time in response to the summary judgment motion should be stricken. In particular, they contend that prior to assertions by plaintiffs' experts in their affidavits submitted in response to the summary judgment motion, plaintiffs had never hinted at any claim based on alleged improper placement of the "toco", palpation for contractions and interpretation of any uterine activity, and had never offered any expert testimony in support of any such allegation. Defendants argue that on this basis, the experts' testimony on these issues should be stricken. Even without consideration of the experts' affidavit testimony on these issues, the court concludes that summary judgment on the issue of Furr's alleged negligence must be denied. Thus, the request to strike this testimony need not delay the court's ruling on the summary judgment motion. The court will instead treat this as a separate motion to strike, to which the plaintiffs should respond within the ten days allowed by the rules of court.

    Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted in part and denied in part as set forth herein.  It is further ordered that plaintiffs shall have ten days to respond to defendants' motion to strike expert testimony.

    SO ORDERED this 14th day of August, 2008.

                                   /s/Tom S. Lee
                                   UNITED STATES DISTRICT JUDGE